UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**BRANDON CONN,**

                                    Plaintiff,

vs.                                                              **NOTICE OF REMOVAL**

**DOLGEN NEW YORK LLC d/b/a**                    Civil Action No.: _____
**DOLLAR GENERAL,**

                                    Defendant.

---

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendant **DOLGEN NEW YORK LLC *d/b/a* DOLLAR GENERAL** (herein "Defendant"), by

and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., files this Notice of

Removal with respect to the case captioned *Brandon Conn v. Dolge New York LLC d/b/a Dollar*

*General*, Index No. 822901/2025, pending in the Supreme Court of the State of New York, County

of Erie.  In support of this Notice of Removal, Defendant offers the following statements.

                              **THE STATE COURT ACTION**

1.        On December 26, 2025, Plaintiff Brandon Conn (herein "Plaintiff") filed a

Summons and Complaint in the Supreme Court of the State of New York, County of Erie.

Plaintiff alleges, *inter alia*, claims of  sexual harassment and unlawful retaliation in violation of

the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"), as well as a claim

of unlawful retaliation in violation of the New York State Labor Law, N.Y. Lab. Law § 740

("NYLL"). A copy of the Summons and Complaint is attached to the accompanying Index of

Documents Filed in State Court Proceeding as **Exhibit A**.

2.      Defendant has not yet responded to the Complaint in the state court action and reserves any and all defenses. To the extent the Complaint is not dismissed in whole or in part by the Court following a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure based on insufficient pleadings, standing, timeliness, or any other grounds, Defendant intends to deny the allegations in the Complaint and will demonstrate over the course of this action that Plaintiff's claims are meritless because, among other reasons, (a) Defendant is committed to maintaining a workplace that is free from all forms of unlawful discrimination, harassment, and retaliation, and to addressing all employee concerns in a timely and responsive manner; and (b) Defendant is dedicated to fair employment practices and its efforts to create an inclusive workplace.

### TIMELINESS OF REMOVAL

3.      On January 2, 2026, Plaintiff served Defendant with the Summons and Complaint via personal delivery to Defendant's agent for service. In addition, on January 3, 2026, Plaintiff served Defendant with the Summons and Complaint via First Class Mail on Defendant.  A copy of the Affidavits of Service filed in the state court action by Plaintiff are attached to the accompanying Index of Documents Filed in State Court Proceeding as **Exhibit B** and **C**.

4.      Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal shall be filed within thirty (30) days of Defendant's first receipt of Plaintiff's initial pleading and notice of Plaintiff's action pending in state court.

5.      Based on the date of service (which was the date Defendant first became aware of this action by Plaintiff), Defendant's deadline to file this Notice of Removal is Sunday, February 1, 2026.  Pursuant to FED. R. CIV. P. 6(a)(1)(C), Defendant's deadline is extended to Monday, February 2, 2026.

6.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because such notice is filed within thirty (30) days after Defendant's first notice of Plaintiff's action pending in the Supreme Court of the State of New York, County of Erie.

### BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

7.      To remove a case to federal court, a defendant need only file a notice of removal "containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); 28 U.S.C. § 1446(a).

8.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.      The Parties are Citizens of Different States.**

9.      "A person's citizenship for purposes of diversity is based upon his domicile." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). Plaintiff alleges that he is a citizen of the State of New York residing in Erie County. *See* Index of Documents Filed in State Court Proceeding, **Exhibit A**, ¶ 2.

10.      A limited liability company is treated as an unincorporated association for purposes of diversity jurisdiction and diversity depends on the citizenship of its members. *Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024).  In this case, Defendant is a limited liability company organized and existing under the laws of the State of Kentucky with its principal place of business located in Goodlettsville, Tennessee.

11.      Further, Defendant is wholly owned by (non-party) Dolgencorp of Texas, Inc., its only member. Dolgencorp of Texas, Inc. is a corporation organized and existing under the laws of the State of Kentucky with its principal place of business located in Goodlettsville, Tennessee.

3

12.     Accordingly, because Plaintiff is a citizen of New York and Defendant is a citizen of Kentucky the complete diversity requirement is satisfied.

**B.      The Amount in Controversy Requirement is Satisfied.**

13.     Because Plaintiff seeks to recover an unspecified amount of damages, Defendant only needs to show that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See Waldron & Associates, Inc. v. Loon, LLC*, No. 5:11CV 2247, 2012 U.S. Dist. LEXIS 63669, *10 (N.D. Ohio April 17, 2012) (*citing Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006)).  When determining the amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered.  *See Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 573 (6th Cir. 2001).

14.     Defendants deny any and all liability in this action.  For the purposes of removal, however, the damages claims of Plaintiff satisfy the $75,000 amount-in-controversy requirement.

15.     In the Complaint, Plaintiff indicates that he seeks "compensatory damages for lost wages, employment benefits, emotional distress, mental anguish, inconvenience and loss of enjoyment of life, reinstatement or front pay, punitive damages, and an award of reasonable attorney's fees and the costs of this action." *See* <u>Index of Documents Filed in State Court Proceeding</u>, **Exhibit A**, Wherefore Clauses (a-c).

16.     In addition to the expansive list of relief sought by Plaintiff, Plaintiff's counsel has communicated with Defendant directly (prior to the commencement of litigation) and asserted that Defendant's "total exposure for compensatory and punitive damages could easily exceed $150,000.00," in addition to a six-figure award of attorneys' fees and costs.

17.     Accordingly, based on the expansive damages allegations in Plaintiff's Complaint, along with the damages claimed by Plaintiff's counsel, it is clear that it is "more likely than not" that the amount in controversy exceeds $75,000. Therefore, the amount in controversy requirement is satisfied.

18.     Thus, while Defendants dispute any alleged liability and damages, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because the parties are citizens of different states and the amount in controversy exceeds $75,000.

## OTHER PROCEDURAL REQUIREMENTS

19.     Pursuant to Local Rule 81(a)(3), this Notice of Removal is accompanied by an Index of Documents Filed in State Court Proceeding, along with copies of those documents (appended as **Exhibits A**, **B**, and **C** thereto).

20.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff resides in Erie County, New York and Erie County, New York  is located within the United States District Court for the Western District of New York.

21.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through their counsel of record, and will be filed with the Clerk of the Supreme Court of the State of New York, County of Erie.

## RESERVATION OF RIGHTS

22.     By filing this Notice of Removal, Defendant does not admit the validity or merit of any of the claims or allegations in the Complaint.  Defendant denies any and all liability with respect to Plaintiff's claims and denies that Plaintiff is entitled to any of the damages sought. Further, Defendant does not waive, and expressly reserves, any and all rights, claims, remedies, and defenses in connection with this action.

23.    Additionally, Defendant hereby states that there is an Arbitration Agreement between Plaintiff and Defendant.  By its terms, the Arbitration Agreement would normally require that each and every claim asserted by Plaintiff be the subject of an arbitration proceeding and not litigated before this or any other judicial body.

24.    However, Defendant will not seek to compel arbitration at this time because the First Cause of Action asserted in Plaintiff's Complaint alleges a claim of sexual harassment pursuant to the New York State Human Rights Law. *See* Index of Documents Filed in State Court Proceeding, **Exhibit A**, ¶¶ 27-32; *see also* "Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021," Pub. L. 117-90, adding 9 U.S.C. §§ 401-402.

25.    Notwithstanding the foregoing, if Plaintiff's sexual harassment claim is dismissed from this action, making the "Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021" inapplicable, Defendant hereby reserves its right to pursue arbitration of each and every other claim included in Plaintiff's Complaint (or any amended pleading Plaintiff may file with the Court).

**WHEREFORE**, Defendant respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of the State of New York, County of Erie, to this Court.

Dated: Buffalo, New York
      February 2, 2026

*Respectfully submitted,*

**OGLETREE, DEAKINS, NASH,**
    **SMOAK & STEWART, P.C.**


           */s/ R. Scott DeLuca*

R. Scott DeLuca
Anoop S. Kahlon
Seneca One Tower
1 Seneca Street, Suite 1075
Buffalo, New York 14203
Telephone: (716) 831-2715
E-Mail: scott.deluca@ogletree.com;
       anoop.kahlon@ogletree.com

*Attorneys for Defendant*
*Dolgen New York LLC d/b/a Dollar General*

**CERTIFICATE OF SERVICE**

I, R. Scott DeLuca, hereby certify that on the 2nd day of February, 2026, I caused the within Notice of Removal, along with accompanying Index of Documents Filed in State Court Proceeding with Exhibits A, B, and C appended thereto, to be submitted electronically to the Clerk of the Court for the United States District Court for the Western District of New York.

I, R. Scott DeLuca, hereby certify that on the 2nd day of February, 2026, I will cause the within Notice of Removal, along with accompanying Index of Documents Filed in State Court Proceeding with Exhibits A, B, and C appended thereto, to be sent to Plaintiff's counsel via electronic mail (jhowley@howleylawfirm.com) and that on the 3rd day of February, 2026, I will cause a copy of the same to be served via postage paid first class mail upon:

John J.P. Howley, Esq.
The Howley Law Firm, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105.

/s/ R. Scott DeLuca
R. Scott DeLuca